IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| SHARON REGINA MARSHALL, | * CHAPTER 13 CASE NUMBER 23-10878-SBD |
| | * |
| | * |
| Debtor. | * |

## *OBJECTION TO CONFIRMATION OF PLAN*

**NOW COMES** Antioch Ministries, Inc., hereinafter referred to as "Respondent", and brings this its Objection to Confirmation of Debtor's Chapter 13 Plan and Motion and respectfully shows to the Court as follows:

(1)

That Respondent is the holder of a Promissory Note from Debtor to Respondent, dated July 26, 2012.

(2)

That the Promissory Note is secured by a Deed to Secure Debt dated July 26, 2012, securing real property currently known and designated under the current system of street numbering in Richmond County, Georgia as 1227 Holley Street, Augusta, GA 30901, a copy of which is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

(3)

That said Deed to Secure Debt matured on or about August 1, 2017, and the debtor has failed to pay the remaining unpaid balance.

(4)

That Debtor's Chapter 13 Plan and Motion fails to comply with 11 U.S.C § 1322 and 11 U.S.C. 1325 in that the proposed Trustee payments commencing January 2024 in the sum of $700.00 per month provided for in the Plan will not pay out the loan prior within the proposed sixty (60) month plan period.

(5)

In order to pay out Respondent's claim within a plan period of sixty (60) months or less, the Debtor will need to increase trustee monthly payments to Respondent to the sum of $1,706.21 retroactive to the date of filing, which increased Plan payment is based upon an interest rate of 4.0% per annum.

**WHEREFORE**, Respondent prays that Confirmation of Debtor's Chapter 13 Plan and Motion be denied unless Debtor increases her Trustee monthly payments to Respondent to the sum of $1,706.21 per month; and that Respondent have such other and further relief as this Court deems just and proper.

This 2nd day of January, 2024.

_____
MARK A. CLEARY
Attorney for Respondent

Cleary, West & Huff, LLP
1223 George C. Wilson Drive
Augusta, Georgia 30909
(706)860-9995
mcleary@cwhllp.com
State Bar No. 129754

## **_CERTIFICATE OF SERVICE_**

This is to certify this date I have served a copy of the within and foregoing OBJECTION TO CONFIRMATION OF PLAN upon the following parties, by depositing the same in the United States Mail, with sufficient postage affixed thereto or VIA EMAIL, to wit:

Sharon Regina Marshall
1227 Holley Street
Augusta, GA 30901

Chapter 13 Trustee
correspondence@chp13aug.org
VIA EMAIL

Kathryn A. Bro-Aho
Duncan & Brow, Attys at Law,LLLP
3574 Riverwatch Pkwy
Augusta, GA 30907
VIA EMAIL

This _2nd_ day of _January_, 2024.

MARK A. CLEARY,
Attorney for Respondent

Cleary, West & Huff, LLP
1223 George C. Wilson Drive
Augusta, Georgia 30909
(706)860-9995
mcleary@cwhllp.com
State Bar No. 129754

Return To:
Phillip Scott Hibbard, P.C.
205 Pitcarin Way
Augusta, Georgia 30909
(706) 854-1564
12-1438

Book 01355:2123 Augusta - Richmond County
2012034760 08/13/2012 14:13:34.01
$323.00 SECURITY DEED

2012034760 Augusta - Richmond County
Intangible Tax: $303.00



EXHIBIT A

STATE OF GEORGIA

COUNTY OF RICHMOND

## DEED TO SECURE DEBT

THIS INDENTURE, made 07/26/12, between Sharon Regina Marshall of the County of Richmond and State of Georgia, of the first part, and Antioch Ministries, Inc., having a mailing address of 1378 Laney Walker Blvd., Augusta, GA 30901, of the second part;

WITNESSETH: That the said party of the first part, for and in consideration of the sum of One Hundred Thousand Five Hundred Nine AND 31/100 DOLLARS ($100,509.31), in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said party of the second part the following described real property:

ALL THAT LOT, TRACT, OR PARCEL OF LAND, together with improvements thereon, if any, lying, being, and situate in the State of Georgia and County of Richmond, fronting forty (40) feet, more or less, on the West side of Holley Street and extending back to even width one hundred and eighty (180) feet, more or less, said lot being designated as lot number eighty-four (84) on plan of lots recorded in proper office of said county in Realty Book 3N, page 330, reference being made to said Plat for a more complete and accurate description as to metes, bounds, courses, locations and distances of said property.

Said property is conveyed subject to any and all applicable easements, restrictions and covenants recorded in aforesaid Clerk's Office.

Tax Map & Parcel No.: 046-3-142-00-0

TO HAVE AND TO HOLD the said bargained premises with all and singular the rights, members and appurtenances thereto appertain to the only proper use, benefit and behoof of the said party of the second part, in FEE SIMPLE: and the said party of the first part hereby covenants that he is lawfully seized and possessed of said property, and has a good right to convey it, and that it is unencumbered; and that the said bargained premises, the said first party unto the said party of the second part, against the said first party, and against all and every other person or persons, shall and will WARRANT AND FOREVER DEFEND.

THIS CONVEYANCE is made under the provisions of the existing Official Code of the State of Georgia to secure a debt evidenced by one note, of even date herewith, made by the party of the first part to order of the party of the second part, for the principal sum of One Hundred Thousand Five Hundred Nine and 31/100 Dollars ($100,509.31), with an interest rate of Four (4.00%) per annum, being payable in monthly installments as follows: Fifty Nine payments of Four Hundred Seventy Nine and 85/100 Dollars ($479.85) each on the 1st day of each and every month, commencing on the 1st day of September, 2012 and continuing to and including the 1st day of July, 2017. Balloon payment, balance of principal and interest shall be payable on August 1, 2017, each installment, when paid, to be applied first to the payment of interest accrued on unpaid principal, and the residue thereof to be credited on the principal, it being expressly understood and agreed that if default be made in the payment of any of the aforesaid installments, or any part thereof, as and when the same shall become due and payable, then, and in that event, said principal sum, or so much thereof as may remain unpaid at the time of such default, shall bear interest at the rate of twelve per centum

SHOULD the above described note and interest thereon be paid according to the tenor and effect thereof when the same shall become due and payable, and should the said party of the first part well and truly keep and perform all and singular the covenants, conditions, stipulations and agreements herein contained for the said party of the first part to keep and perform, then this deed shall be cancelled and surrendered, in accordance with the existing Official Code of the State of Georgia; it being intended by the parties hereto that this instrument shall operate as a deed, and not as a mortgage. Any one of several persons named as grantee herein or their assigns may receive payment of the secured indebtedness and execute a valid cancellation or reconveyance hereof.

IN ORDER TO FURTHER secure the note hereinabove described, the said party of the first part hereby transfers, assigns and sets over to the said party of the second part any and all rents due or to become due on the above described premises, reserving only the right to collect said rents so long as there is no existing default in any of the provisions of this deed and/or the note it is given to secure. In case of any such defaults, the said party of the second part shall instanter have the right to collect any rents due on the date of such default, and to continue to collect any rents to be due thereafter, so long as any default shall at any time exist. The said party of the second part shall apply any rents collected hereunder to the payment of any sum due hereunder; and for the purpose of carrying out this provision, the said party of the first part hereby constitutes and appoints the said party of the second part his true and lawful attorney in fact to collect any and all rents for said premises, authorizing the said party of the second part to receipt

granted depends, and the said party of the first part hereby constitutes and appoints the said party of the second part the agent and attorney in fact of said first party to make such recitals, and hereby covenants and agrees that the recitals so to be made by the party of the second part shall be binding and conclusive upon said first party, and that the conveyance to be made by the party of the second part, shall be effectual to bar all equity of redemption of the party of the first part to the said premises and the party of the second part shall collect the proceeds of such sale, and after reserving therefrom the entire amount of principal and interest due, together with the amount of any taxes, assessments and premiums of insurance theretofore paid by said party of the second part, with 15 per centum per annum thereon from date of payment, together with all costs and expenses of sale and 15 per centum of the aggregate amount due for attorneys' fees, shall pay any over-plus to the party of the first part.

AND the party of the first part further covenants and agrees that the possession of said premises, during the existence of said indebtedness, by the party of the first part, or any person claiming under the party of the first part, shall be that of tenant under the party of the second part during the due performance of all the obligations aforesaid, and that the party of the first part, shall then become and be tenants holding over, and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

In the event this deed is foreclosed at law or in equity, the party of the second part shall be entitled to a receiver to take charge of the said property, to collect the rents, issues and profits arising therefrom, and to care for the same without proving insolvency, or any other grounds for extraordinary relief, and the said party of the first part hereby consents to the appointment of such receiver.

In this deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. Wherever herein a verb, pronoun or other part of speech is used in the singular, and there be more than one grantor or grantee, said singular part of speech shall be deemed to read as plural, and each grantor shall always be jointly and severally liable for the performance of every promise and agreement made herein.

Wherever herein the words "party of the first part" or "party of the second part" are used, the same shall be construed to mean as well the heirs, executors, administrators, successors, representatives and assigns of the same, whether voluntary by act of the parties, or involuntary by operation of law.

It is distinctly understood and agreed that the hereinbefore described note, or any renewal or renewals thereof, and this deed are to be together regarded as a Georgia

contract, and is made, and shall be executed and performed, under and in conformity with the laws of the State of Georgia and of no other place or State whatever.

    IN WITNESS WHEREOF, the party of the first part hereto sets hand and seal the day and year first above written.

Signed, sealed and delivered in
the presence of:

_____
witness

_____
Notary Public

_Sharon R. Marshall_ (L.S.)
Sharon Regina Marshall

*[Notary seal: Phillip Scott, Notary Public, Richmond County, GA, Comm. Exp. 10/18/14]*

Loan Number:

Book 01355:2128 Augusta - Richmond County
2012034760 08/13/2012 14:13:34.01

GRANTOR: Sharon Regina Marshall

LENDER: Antioch Ministries, Inc.

DATE OF SECURITY DEED: 07/26/12

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, sealed and delivered in the presence of

_Sharon R. Marshall_ (Seal)
Sharon Regina Marshall, Borrower

_____ (Seal)

Unofficial Witness

Notary Public

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me on the date set forth above.

Notary Public

Phillip Scott Hibbard, P.C.
Closing Attorney

Filed in this office:
Augusta - Richmond County
08/13/2012 14:13:34.01
ELAINE C JOHNSON
Clerk of Superior Court